IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
       Plaintiff,

vs.

                                             No. 99-30211-DRH

TIMOTHY M. BROWN,

       Defendant.

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is a letter from Brown which the Court construes as a motion to suspend restitution payments (Doc. 64). Brown states:

> "Can you please put in my paperwork that I don't have to pay on my restitution while I'm in prison. The reason being is I want to send the money home that I earn to help my wife pay the bills."

Based on the following, the Court **DENIES** the motion.

On March 18, 2013, the Court held a revocation of supervised release hearing and sentenced Brown to 36 months as to Count 1 and 51 months as to Count 2, to run concurrently with the term of imprisonment imposed in *United States v.* Brown, 12-30165-DRH (Docs. 59 & 62). A review of the March 18, 2013 Judgment indicates that the Court did not order restitution as to the revocation of supervised release (Doc. 62). Insofar, as Brown is referring to the restitution (that he still owes) which was ordered in the March 17, 2000 judgment in this case (Doc.

25), the Court finds that Brown is not entitled to suspended payments.

18 U.S.C. § 3644(k) provides for adjustment of payment schedules: not suspension. Moreover, Brown has not established a basis for an adjustment of his restitution schedule. He has not presented a "material change in his economic circumstances." See 18 U.S.C. § 3664(k). Thus, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.04
10:33:53 -05'00'

**Chief Judge**
**United States District Court**