IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY MICHAEL BROWN,

Defendant.                                                No. 99-CR-30211-DRH

### ORDER

**HERNDON, District Judge:**

On December 2, 2013, Timothy Brown filed a motion to reduce sentence (Doc. 68) and a motion for relief based on *Alleyne* (Doc. 69). Based on the following, the Court dismisses Brown's motions for lack of jurisdiction.

On March 18, 2013, the Court held a revocation of supervised release hearing and sentenced Brown to 36 months on Count 1 and 51 months on Count 2 to run concurrently with the term of imprisonment imposed in *United States v. Brown*, 12-30165-DRH (Docs. 59 & 62). In the motion to reduce sentence, Brown asks the Court to reduce his sentence by one year as his incarceration has placed a financial burden on his father (they are in business together) (Doc. 68). In the motion for relief based on *Alleyne*, Brown asks the Court to reduce his sentence 24 months arguing that if he was still in prison on the original charges contained in this case, he would have been entitled to such a reduction based on *Allyene*, thus,

he is entitled to such a reduction on his sentence for the violations of his supervised release.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based in evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Brown does not cite any case law or statute which allows the Court to consider his motions. Rule 35 is inapplicable because this motion is brought over 13 ½ years *after* the original sentencing (March 17, 2000) and almost 8 months after the sentencing on the revocation of supervised release (March 18, 2013); it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion is not brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Brown could bring these motions is a § 2255 collateral attack. Based on the

case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255.  *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).  After reviewing the pleading, it is not clear to the Court that Brown intends to pursue a collateral attack.   Because the Court finds that Brown's motions do not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motions.

Accordingly, the Court dismisses for want of jurisdiction Brown's motions to reduce (Doc. 68) and for relief under *Alleyne* (Doc. 69).

**IT IS SO ORDERED.**

Signed this 12th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.12 10:28:59 -06'00'

Chief Judge
United States District Court